**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

**Alisa R. Clemons,**

**Plaintiff,**

**vs.**

**City of Minneapolis; Minneapolis Police Department, and other Police Officers, Individually, not presently identified,**

**Defendants.**

**Court File No.: 00-184 ADM/AJB**

**STIPULATION AND ORDER REQUIRING THE PROTECTION OF CERTAIN DOCUMENTS**

---

It is hereby stipulated to and agreed by the undersigned parties to the above entitled action, the ("Action"), acting through their attorneys, that:

1. That Defendant City of Minneapolis will make available to Plaintiff's attorney for her inspection and copying the following documents under certain terms and conditions:

Plaintiff's personnel file

Plaintiff's Civil Service file

File maintained of Plaintiff by Captain Rick Stanek

Internal Affairs Files 98-65, 98-66, 99-20

4th Precinct file regarding 10/24/97 incident

Policy and Procedure Inquiry and Referral form with Lieutenant Richard Thomas as complainant

Policy and Procedure Inquiry and Referral form with Julie McIntyre as complainant

DEC 26 2000

Policy and Procedure Inquiry and referral form with Officers Chaplin and Scott as complainants

Chief's File 99-052

2. Plaintiff will make available to Defendant City of Minneapolis' attorney for his inspection and copying the following documents under certain terms and conditions:

Plaintiff's medical records

3. The parties stipulate and agree that an order may be entered by the above-named court requiring the production of these documents on the following terms and conditions.

a. The documents to be produced in response to this order shall be considered "Confidential Materials" under the terms of the Stipulation and Order, and this Stipulation and Order shall govern the examination and use of such documents. The term "confidential materials" as used in this Protective Order means all data classified as private personnel data by Minn. Stat. §13.43 and any data which is protected from disclosure by any other provision of the Minnesota Government Data Practices Act.

b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential Materials shall not be disclosed to the plaintiffs or to any other person unless and until otherwise agreed by the defendants or ordered by the Court hearing the action. It is expressly understood that the plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If Plaintiff's or Defendants' counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The Court (subject to the provisions of subparagraph g hereof);

ii. Plaintiff, Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and

iv. Any other person that the parties agree to in writing.

c. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs g and h hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in the Stipulation and Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Stipulation and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b of the Stipulation and Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Stipulation and Order.

h. The parties agree that the procedures for offering confidential materials into evidence and the treatment of confidential materials received into evidence shall be discussed with and determined by the Judge prior to the commencement of the trial in their case.

4. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

5. Nothing herein shall be construed to affect in any way plaintiff or defendants' rights to object to the admissibility of any document, testimony, or other evidence at trial.

6. If either party receives a subpoena or other court process that arguably calls for the production of Confidential Materials provided by the other party, the subpoenaed party shall give the other party at least ten (10) days notice before producing any such Confidential Materials.

7. Upon termination of this litigation, counsel for Plaintiff and Defendants shall return all Confidential Materials received from the opposing party.

8. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this order.

Dated: 12-19-00

SHIRLEY LERNER
Attorney Reg. No.0151245
3601 Park Center Boulevard, Ste.314
Minneapolis, MN 55416

and

DONNA L. ROBACK
Attorney Reg. No.
Centennial Lakes Office Park
Suite 200
7701 France Avenue South
Edina, MN 55435
ATTORNEYS FOR PLAINTIFF

Dated: 12/20/00

JAY M. HEFFERN
City Attorney
Attorney Reg. No. 4331X
By
PETER W. GINDER
Attorney Reg. No. 35099
300 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402
(612) 673-2478

ATTORNEYS FOR DEFENDANTS

IT IS HEREBY ORDERED.

Dated: 12/26/00

Arthur Boylan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.